DISMISS; Opinion filed October 10, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00522-CV

### THOMAS V. MILLER D/B/A MILLER HOUSE MOVERS, Appellant

### V.

### TEXAS STAR BANK, ROBERT H. HYNDS, TOHNIE HYNDS, AND J. DON GORDON, Appellees

On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-04997-2009

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

By letter dated August 27, 2012, the Court questioned its jurisdiction over the appeal because it appeared the notice of appeal was untimely. We directed appellant to file a jurisdictional brief explaining how we have jurisdiction and gave appellees an opportunity to respond. Appellant filed a jurisdictional brief and appellees filed a response.

Unless a timely post-judgment motion is filed to extend the appellate timetables, a notice of appeal is due thirty days after the judgment is signed. See TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. See TEX. R. APP. P. 25.1(b). When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the

period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the date the judgment was signed. *See* TEX. R. APP. P. 4.2(a)(1). To benefit from this notice rule, the party seeking relief from the judgment must prove in the trial court, on sworn motion, the date of notice. *See* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2. For purposes of appellate jurisdiction, the trial court must sign a written order specifying the date when the party or the party's attorney first learned of the judgment. *See* TEX. R. APP. P. 4.2(c).

The trial judge signed the order of dismissal on January 31, 2012.[1] In his jurisdictional brief, appellant contends that he did not get notice of the order of dismissal until April 18, 2012. Appellant did not file a 306a motion in the trial court nor did he obtain a ruling from the trial court specifying the date when he first learned of the judgment. For these reasons, appellant cannot rely on the additional time allotted by rule 4.2 of the rules of appellate procedure. *See* TEX. R. APP. P. 4.2(a)-(c).

Appellant did not file a post-judgment motion that extended the appellate timetables. Accordingly, the notice of appeal was due on March 1, 2012. *See* TEX. R. APP. P. 26.1. Appellant filed a notice of appeal on April 18, 2012. Because appellant did not file a timely notice of appeal, this Court lacks jurisdiction. We dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

CAROLYN WRIGHT
CHIEF JUSTICE

120522F.P05

---

[1] We note that the docket sheet reflects the order of dismissal was signed on February 20, 2012. However, a written order controls over a docket entry. *See Guyot v. Guyot*, 3 S.W.3d 243, 247 (Tex. App.—Fort Worth 1999, no pet.).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS V. MILLER D/B/A MILLER
HOUSE MOVERS, Appellant

No. 05-12-00522-CV       V.

TEXAS STAR BANK, ROBERT H. HYNDS,
TOHNIE HYNDS, AND J. DON GORDON,
Appellees

Appeal from the 416th Judicial District Court
of Collin County, Texas. (Tr.Ct.No. 416-
04997-2009).
Opinion delivered by Chief Justice Wright,
Justices Francis and Lang-Miers,
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees, Texas Star Bank, Robert H. Hynds, Tohnie Hynds, and J. Don Gordon, recover their costs of the appeal from appellant, Thomas V. Miller d/b/a Miller House Movers.

Judgment entered October 10, 2012.

_____
CAROLYN WRIGHT
CHIEF JUSTICE